■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DEVONSHIRE, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court properly denied defendant's motion to suppress evidence seized at the time of the border search. The Customs officials were authorized pursuant to statute (19 USC § 482) to stop, detain and conduct

a routine search of all entrants, including defendant and his companions, their vehicles and effects, at the Peace Bridge, an international border, without being subject to the requirement of probable cause or warrant *(United States v Montoya de Hernandez,* 473 US 531, 538; *United States v Ramsey,* 431 US 606, 611-614; *People v Luna,* 73 NY2d 173). Contrary to defendant's claim, we conclude that the search was not conducted under the supervision of or at the instigation of Buffalo police officials *(cf., People v Esposito,* 37 NY2d 156). The record establishes that the Customs officials acted upon their own observations that defendant and his companions were attempting to bring contraband into the country without the payment of duty or in contravention of a statutory prohibition. Accordingly, the Customs search constituted a legitimate border search. Moreover, defendant's extended detention was reasonably related in scope to the circumstances which justified his initial detention and therefore, no violation of defendant's Fourth Amendment rights occurred *(United States v Montoya de Hernandez, supra; see, Henderson v United States,* 390 F2d 805).

We have reviewed defendant's remaining contentions and find them to be either unpreserved for our review *(see,* CPL 470.05 [2]) or lacking in merit. (Appeal from judgment of Supreme Court, Erie County, McGowan, J.—criminal possession of stolen property, second degree.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.